1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11

12   BERNIE MALIXI and KATHERINE A.      NO. CIV. 2:12-1749 WBS CKD
     MALIXI,
13
                  Plaintiffs,            ORDER RE: ORDER TO SHOW CAUSE
14
          v.
15
     U.S. BANK, N.A., DOWNEY
16   SAVINGS AND LOAN ASSOCIATION,
     F.A., DSL SERVICE COMPANY, a
17   California corporation, FCI
     LENDER SERVICES, and DOES 1-10
18   inclusive,

19                Defendants.
                                    /
20

21   VICTOR BURACHEK and NATALIA        NO. CIV. 2:12-1771 WBS CKD
     BURACHEK,
22
                  Plaintiffs,
23
          v.
24
     CHASE HOME FINANCE, LLC,
25   NORTHWEST TRUSTEE SERVICES,
     INC., SETERUS, INC., formerly
26   known as Lender Business
     Process Services, Inc.,
27   FREEDOM HOME MORTGAGE
     CORPORATION, MORTGAGE
28   ELECTRONIC REGISTRATION

                                    1

1 SYSTEMS, FEDERAL NATIONAL
  MORTGAGE ASSOCIATION, and DOES
2 1 through 100 inclusive,

3         Defendants.

4 _____/

5                      ----oo0oo----

6         Attorney Clifford B. Scherer is counsel for plaintiffs

7 in the two above-cited wrongful foreclosure cases.  In the first

8 case, Malixi v. U.S. Bank, Civ. No. 2:12-1749, defendants removed

9 the action from state court and filed a motion to dismiss

10 pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs

11 failed to file an opposition to the motion or statement of non-

12 opposition pursuant to Eastern District Local Rule 230(c) and,

13 even after the court alerted plaintiffs' counsel to this omission

14 via email, plaintiffs failed to file any document in response to

15 defendants' motion to dismiss.  Without the benefit of input from

16 plaintiffs, the court issued a lengthy and reasoned decision that

17 ultimately granted defendants' motion.

18         In the same Order, the court required Mr. Scherer to

19 "either (1) pay sanctions in the amount of $1,000.00 to the Clerk

20 of the Court, or (2) submit a statement of good cause explaining

21 his failure to comply with Local Rule 230(c)."  (Docket No. 7.)

22 Mr. Scherer neither paid the sanctions nor filed any response to

23 the court's Order within the ten-day period provided.  On August

24 24, 2012, the court issued an Order to Show Cause re: Contempt,

25 requiring Mr. Scherer to appear at a hearing on September 10,

26 2012, to show cause why he should not be adjudged in contempt of

27 court.  The court held the hearing as scheduled, but Mr. Scherer

28 neither appeared nor contacted the court.

1      Mr. Scherer followed a similar course of inaction in

2  the second case, <u>Buracheck v. Chase Home Financial, LLC</u>, Civ. No.

3  2:12-1771.  In that case, defendants similarly removed the case

4  from state court and filed motions to dismiss pursuant to Rule

5  12(b)(6).  When plaintiffs again failed to file an opposition or

6  statement of non-opposition after the court reminded Mr. Scherer

7  via email, the court ordered Mr. Scherer to "either (1) pay

8  sanctions of $2,500.00 to the Clerk of the Court, or (2) submit a

9  statement of good cause explaining his failure to comply with

10 Local Rule 230(c)."  (Docket No. 21.)  The court increased the

11 potential sanction in this case because the failures of Mr.

12 Scherer in <u>Buracheck</u> were the same as those in <u>Malixi</u> and

13 occurred less than one month later.  To no surprise of the court,

14 Mr. Scherer did not pay the sanctions or file a timely response

15 to the court's Order.

16      Not only has Mr. Scherer ignored orders of the court in

17 both cases, but his conduct also raises serious questions as to

18 his ability to represent his clients.  In both cases, the court

19 could have simply granted defendants' motions to dismiss in light

20 of plaintiffs' silence.  Instead, the court performed independent

21 research to determine whether plaintiffs had cognizable and

22 sufficiently pled claims and thus prevented Mr.Scherer's neglect

23 from prejudicing his clients.  Nonetheless, Mr. Scherer's lack of

24 representation and blatant disregard of the court's orders

25 unnecessarily burdened the court and fall below the acceptable

26 conduct of a member of the Bar of this court.

27      Now, one month late in <u>Malixi</u> and one week late in

28 <u>Buracheck</u>, Mr. Scherer has filed a "declaration of good cause for

1 failure to comply with Local Rule 230(c)."  In his declaration,

2 Mr. Scherer blames his negligent representation on a former legal

3 assistant that erroneously thought all documents and orders filed

4 in the cases should be ignored because the clients indicated that

5 they lacked the funds to continue litigating and did not want to

6 proceed with their cases.  (Docket No. 22 at 2:5-11.)  Mr.

7 Scherer explains that he had "an unexpected extended absence from

8 my office" and was "in southern California undergoing some

9 medical testing and treatment."  (Id. at 1:24, 2:14.)  Mr.

10 Scherer's excuses do not demonstrate good cause for his repeated

11 disobedience of Local Rule 230(c) and three separate direct

12 orders of the court.

13          First, it was Mr. Sherer, not his legal assistant, who

14 was counsel of record for plaintiffs.  Thus, it was the attorney,

15 Mr. Sherer, not his legal assistant, who was required to respond

16 to the motions of the opposing parties and the orders of the

17 court.  Notwithstanding the questionable decision to leave his

18 entire law practice in the hands of an apparently ill-trained

19 legal assistant, the obligation to adequately represent his

20 clients and follow Local Rule 230(c) and court orders lies with

21 Mr. Scherer, not his legal assistant.  Mr. Scherer also had a

22 duty to adequately supervise his staff.  See Cal. Rules of Prof'l

23 Conduct Rule 3-110(a) & Discussion ("A member shall not

24 intentionally, recklessly, or repeatedly fail to perform legal

25 services with competence. . . . The duties set forth in rule

26 3-110 include the duty to supervise the work of subordinate

27 attorney and non-attorney employees or agents."); Trousil v.

28 State Bar, 38 Cal. 3d 337, 342 (1985) (upholding discipline of

4

1  attorney for errors he claimed were committed by his secretary

2  when the attorney failed to show he "satisfactorily supervised

3  his office staff").

4          Second, even if Mr. Scherer had medical issues that

5  necessitated his extended absence from his law office, he has not

6  even attempted to explain why he could not at the very least be

7  reached by email.  The court emailed Scherer at his personal

8  email (cliff@scherclifflaw.com) before imposing sanctions in both

9  cases.  The emails were not returned as undeliverable and

10  responses were not received.  As an attorney practicing in this

11  court, Mr. Scherer also agreed to participate in the court's Case

12  Management/Electronic Case Filing (CM/ECF) system.  Notifications

13  via the court's CM/ECF system were duly sent to Mr. Scherer's

14  email address every time a document was filed in either case.

15  Technology now provides attorneys with the luxury of being able

16  to remain abreast of new filings in their cases from any

17  location, even Southern California.  Without providing any

18  explanation as to why he was unable to access his email for over

19  two months since the first motion to dismiss was filed, Mr.

20  Scherer's outright neglect for his cases is inexcusable.

21          Accordingly, the court finds that Mr. Scherer has not

22  shown good cause for his failure to comply with Local Rule

23  230(c), tardy attempt to show good cause, and absence at the

24  September 10, 2012, hearing.

25          IT IS THEREFORE ORDERED that within ten days of the

26  date of this Order attorney Clifford B. Scherer shall pay

27  sanctions to the Clerk of this court in the amounts previously

28  indicated, which is $1,000.00 in Malixi and $2,500.00 in

1 Buracheck, for a total sum $3,500.00.  Failure to timely remit

2 said sanctions could result in Scherer being disbarred from

3 appearing in this court, and/or a recommendation to the State Bar

4 of California that disciplinary action be taken, or such further

5 sanctions as the court may deem appropriate.

6 DATED: September 21, 2012

7

8 _____

WILLIAM B. SHUBB

9 UNITED STATES DISTRICT JUDGE

6