UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BERNIE MALIXI and KATHERINE A. MALIXI,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. BANK, N.A., DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A., DSL SERVICE COMPANY, a California corporation, FCI LENDER SERVICES, and DOES 1-10 inclusive,<br><br>    Defendants.<br>_____/ | NO. CIV. 2:12-1749 WBS CKD<br><br>ORDER RE: ORDER TO SHOW CAUSE |
| VICTOR BURACHEK and NATALIA BURACHEK,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHASE HOME FINANCE, LLC, NORTHWEST TRUSTEE SERVICES, INC., SETERUS, INC., formerly known as Lender Business Process Services, Inc., FREEDOM HOME MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION | NO. CIV. 2:12-1771 WBS CKD |

1

1 | SYSTEMS, FEDERAL NATIONAL MORTGAGE ASSOCIATION, and DOES
2 | 1 through 100 inclusive,
3 |            Defendants.
4 | _____/
5 |            ----oo0oo----

6          Attorney Clifford B. Scherer is counsel for plaintiffs in the two above-cited wrongful foreclosure cases.  In the first case, Malixi v. U.S. Bank, Civ. No. 2:12-1749, defendants removed the action from state court and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs failed to file an opposition to the motion or statement of non-opposition pursuant to Eastern District Local Rule 230(c) and, even after the court alerted plaintiffs' counsel to this omission via email, plaintiffs failed to file any document in response to defendants' motion to dismiss.  Without the benefit of input from plaintiffs, the court issued a lengthy and reasoned decision that ultimately granted defendants' motion.

        In the same Order, the court required Mr. Scherer to "either (1) pay sanctions in the amount of $1,000.00 to the Clerk of the Court, or (2) submit a statement of good cause explaining his failure to comply with Local Rule 230(c)."  (Docket No. 7.)  Mr. Scherer neither paid the sanctions nor filed any response to the court's Order within the ten-day period provided.  On August 24, 2012, the court issued an Order to Show Cause re: Contempt, requiring Mr. Scherer to appear at a hearing on September 10, 2012, to show cause why he should not be adjudged in contempt of court.  The court held the hearing as scheduled, but Mr. Scherer neither appeared nor contacted the court.

        Mr. Scherer followed a similar course of inaction in the second case, <u>Buracheck v. Chase Home Financial, LLC</u>, Civ. No. 2:12-1771. In that case, defendants similarly removed the case from state court and filed motions to dismiss pursuant to Rule 12(b)(6). When plaintiffs again failed to file an opposition or statement of non-opposition after the court reminded Mr. Scherer via email, the court ordered Mr. Scherer to "either (1) pay sanctions of $2,500.00 to the Clerk of the Court, or (2) submit a statement of good cause explaining his failure to comply with Local Rule 230(c)." (Docket No. 21.) The court increased the potential sanction in this case because the failures of Mr. Scherer in <u>Buracheck</u> were the same as those in <u>Malixi</u> and occurred less than one month later. To no surprise of the court, Mr. Scherer did not pay the sanctions or file a timely response to the court's Order.

        Not only has Mr. Scherer ignored orders of the court in both cases, but his conduct also raises serious questions as to his ability to represent his clients. In both cases, the court could have simply granted defendants' motions to dismiss in light of plaintiffs' silence. Instead, the court performed independent research to determine whether plaintiffs had cognizable and sufficiently pled claims and thus prevented Mr.Scherer's neglect from prejudicing his clients. Nonetheless, Mr. Scherer's lack of representation and blatant disregard of the court's orders unnecessarily burdened the court and fall below the acceptable conduct of a member of the Bar of this court.

        Now, one month late in <u>Malixi</u> and one week late in <u>Buracheck</u>, Mr. Scherer has filed a "declaration of good cause for

3

failure to comply with Local Rule 230(c)."  In his declaration, Mr. Scherer blames his negligent representation on a former legal assistant that erroneously thought all documents and orders filed in the cases should be ignored because the clients indicated that they lacked the funds to continue litigating and did not want to proceed with their cases.  (Docket No. 22 at 2:5-11.)  Mr. Scherer explains that he had "an unexpected extended absence from my office" and was "in southern California undergoing some medical testing and treatment."  (Id. at 1:24, 2:14.)  Mr. Scherer's excuses do not demonstrate good cause for his repeated disobedience of Local Rule 230(c) and three separate direct orders of the court.

First, it was Mr. Sherer, not his legal assistant, who was counsel of record for plaintiffs.  Thus, it was the attorney, Mr. Sherer, not his legal assistant, who was required to respond to the motions of the opposing parties and the orders of the court.  Notwithstanding the questionable decision to leave his entire law practice in the hands of an apparently ill-trained legal assistant, the obligation to adequately represent his clients and follow Local Rule 230(c) and court orders lies with Mr. Scherer, not his legal assistant.  Mr. Scherer also had a duty to adequately supervise his staff.  See Cal. Rules of Prof'l Conduct Rule 3-110(a) & Discussion ("A member shall not intentionally, recklessly, or repeatedly fail to perform legal services with competence. . . . The duties set forth in rule 3-110 include the duty to supervise the work of subordinate attorney and non-attorney employees or agents."); Trousil v. State Bar, 38 Cal. 3d 337, 342 (1985) (upholding discipline of

4

attorney for errors he claimed were committed by his secretary when the attorney failed to show he "satisfactorily supervised his office staff").

Second, even if Mr. Scherer had medical issues that necessitated his extended absence from his law office, he has not even attempted to explain why he could not at the very least be reached by email.  The court emailed Scherer at his personal email (cliff@scherclifflaw.com) before imposing sanctions in both cases.  The emails were not returned as undeliverable and responses were not received.  As an attorney practicing in this court, Mr. Scherer also agreed to participate in the court's Case Management/Electronic Case Filing (CM/ECF) system.  Notifications via the court's CM/ECF system were duly sent to Mr. Scherer's email address every time a document was filed in either case. Technology now provides attorneys with the luxury of being able to remain abreast of new filings in their cases from any location, even Southern California.  Without providing any explanation as to why he was unable to access his email for over two months since the first motion to dismiss was filed, Mr. Scherer's outright neglect for his cases is inexcusable.

Accordingly, the court finds that Mr. Scherer has not shown good cause for his failure to comply with Local Rule 230(c), tardy attempt to show good cause, and absence at the September 10, 2012, hearing.

IT IS THEREFORE ORDERED that within ten days of the date of this Order attorney Clifford B. Scherer shall pay sanctions to the Clerk of this court in the amounts previously indicated, which is $1,000.00 in Malixi and $2,500.00 in

5

1 | Buracheck, for a total sum $3,500.00. Failure to timely remit
2 | said sanctions could result in Scherer being disbarred from
3 | appearing in this court, and/or a recommendation to the State Bar
4 | of California that disciplinary action be taken, or such further
5 | sanctions as the court may deem appropriate.
6 | DATED: September 21, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE